## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**DORIS NOHEMI GARCIA HERNANDEZ**,
1303 Randolph St., NW, Apt. 105
Washington, D.C. 20011

      Plaintiff,

    v.

**CHIPOTLE MEXICAN GRILL, INC.**,
1401 Wynkoop St., Suite 500
Denver, CO 80202

      Defendant.

Case No. _____

## COMPLAINT

## NATURE OF ACTION

1.    Plaintiff Doris Nohemi Garcia Hernandez ("Plaintiff" or "Ms. Garcia") brings this action against her former employer, Chipotle Mexican Grill, Inc. ("Chipotle" or "Defendant"), for unlawful discrimination on the basis of her pregnancy in violation of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000(e), *et seq*. ("PDA"), and the District of Columbia Human Rights Act, D.C. Code § 2-1401.01 ("DCHRA").

2.    Plaintiff was the victim of pregnancy discrimination in her employment by Chipotle. Upon learning of Ms. Garcia's pregnancy, Chipotle supervisor David began to harass Ms. Garcia and subject her to disparate work policies.

3.    Within two months of learning of Ms. Garcia's pregnancy, David terminated Ms. Garcia despite giving her excellent feedback on her work performance reviews.

4.      On the basis of the violations asserted herein, Ms. Garcia seeks compensatory and punitive damages to redress the injuries she suffered as a result of Defendant's unlawful discrimination.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over Count I, pursuant to 28 U.S.C. § 1331, because it arises under a law of the United States and supplemental subject matter jurisdiction over Count II, pursuant to 28 U.S.C. § 1367, because it arises under a common set of operative facts and is so related to Count I that it forms part of the same case or controversy.

6.      Venue is proper in this District, pursuant to 28 U.S.C. § 1391, because a substantial portion of the events or omissions giving rise to the claims occurred in the District of Columbia and because at all relevant times, Defendant was doing business in the District of Columbia.

## INVOCATION OF ADMINISTRATIVE REMEDIES

7.      Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on May 11, 2012.

8.      Upon her request, the EEOC issued Plaintiff her Notice of Right-to-Sue on January 31, 2014.  This complaint is filed within ninety days of that date.

## PARTIES

9.      Plaintiff Doris Nohemi Garcia Hernandez is a Spanish-speaking resident of Washington, D.C.  Ms. Garcia was employed by Defendant between 2011 and 2012 at 1837 M Street, NW, Washington, D.C. 20036 (the "M Street Store").

10.     Defendant Chipotle Mexican Grill, Inc. is a nationwide fast-food chain that currently operates numerous restaurants in the District of Columbia, including the M Street Store. Defendant is incorporated in the state of Delaware, has its corporate headquarters in Colorado, and is registered to conduct business in the District of Columbia.

## FACTUAL ALLEGATIONS

11.     In May 2011, Ms. Garcia began working for Chipotle as a team member at the M Street Store. Ms. Garcia worked in various positions on the food preparation line at the M Street Store. Her duties included preparing tortillas and salsa, rolling burritos, and assisting in the preparation of the vegetables before the store opened for business each day.

12.     During her employment, Ms. Garcia was supervised primarily by David, the daytime manager of the M Street Store. David was responsible for day-to-day operations and management decisions at the M Street Store, including the retention, hiring, and/or termination of employees.

13.     Prior to announcing her pregnancy, Ms. Garcia received two positive employee reviews that indicated she was performing her work in a satisfactory manner and was told that David believed she had the ability to move up within Chipotle.

14.     In early November 2011, David called a special meeting of the employees at the M Street Store to notify them that he would be competing against other store managers in Chipotle's Restaurateur Program. This program rewarded outstanding store managers with promotions to district or regional management positions. David told the employees that they should work harder than ever before so that the M Street Store could exceed its sales goals and he could win the Restaurateur Program competition.

15.     Around the end of November 2011, Ms. Garcia told David that she was pregnant.

16.     Upon learning of Ms. Garcia's pregnancy, David asked her whether she was still planning to work at Chipotle.  Ms. Garcia told him that she planned to continue working at the M Street Store.

17.     Prior to learning of Ms. Garcia's pregnancy, David did not have any problems with Ms. Garcia taking bathroom breaks.  However, upon learning of her pregnancy, David told Ms. Garcia that she had to announce to every employee in the store when she was going to the bathroom and that David would have to approve her bathroom breaks so that he could cover her work position for her.  David did not impose these requirements on non-pregnant employees.

18.     On occasion, Ms. Garcia would alert David that she needed to urgently use the bathroom and David would delay responding to her for five minutes or more, which caused Ms. Garcia to suffer pain.  David did not cause other non-pregnant employees to wait five minutes or more to use the bathroom.  Ms. Garcia objected to the differential treatment, but David disregarded her complaints and continued to treat her differently from non-pregnant employees.

19.     Upon her return from the bathroom, David would often yell at Ms. Garcia in front of customers and the other employees and ask her why she had taken such a long time in the bathroom, despite her use of the bathroom for a similar amount of time as non-pregnant employees.  David did not yell at non-pregnant employees about bathroom use and David did not question non-pregnant employees about their use of the bathroom.  Ms. Garcia became upset and nervous by David's differential treatment.

20.     Employees at the M Street Store were entitled to a fifteen-minute rest break during each four-hour shift that they worked.  After Ms. Garcia announced her pregnancy, David often prohibited Ms. Garcia from taking these breaks, even after Ms. Garcia explained that

because she was pregnant, she needed these breaks to eat.

21.     After learning of Ms. Garcia's pregnancy, David also often denied Ms. Garcia access to drinking water during her four-hour shifts.  Ms. Garcia objected to this treatment because of her pregnancy, but David ignored her complaints.

22.     On or around January 2, 2012, David asked Ms. Garcia to come to his office and he requested that, beginning on January 9, 2012, she start working longer shifts.  David told Ms. Garcia that she had good characteristics because she was always willing to help others, attentive to her work, and focused.  Ms. Garcia agreed to work longer shifts.

23.     Prior to announcing her pregnancy, David had allowed Ms. Garcia to leave her shift early or reschedule her shift to attend a doctor's appointment with as little as same-day notice.  To her knowledge, other employees enjoyed the same flexibility.

24.     During Ms. Garcia's employment at the M Street Store, David often allowed workers to provide same-day notice of leave requests and did not require employees to find another employee to cover for them.

25.     On Friday, January 6, 2012, Ms. Garcia learned that she had a prenatal appointment scheduled for Thursday, January 12, 2012 at 2:00 p.m.

26.     On Monday, January 9, 2012, Ms. Garcia informed David that she would need to leave her Thursday shift early at 1:00 p.m. in order to attend an important prenatal doctor's appointment.  David did not respond affirmatively or negatively.

27.     Ms. Garcia asked David again on Tuesday, January 10, 2012 for permission to go to the prenatal appointment.  David again did not respond affirmatively or negatively.

28.     On the day of her prenatal appointment, Thursday, January 12, 2012, Ms. Garcia told her coworkers that she needed to leave early at 1:00 p.m.

29.     When David arrived to work that day, Ms. Garcia reminded him that she had alerted him about her appointment on Monday.  David told her she could not go.  Around 12:30 p.m., Ms. Garcia again told David that she was going to leave at 1:00 p.m.  David told her that she would not be able to leave.  At 1:00 p.m., Ms. Garcia told David that she was sorry, but that she needed to go to this important appointment because she was pregnant.  In response, David vaguely threatened Ms. Garcia with negative consequences if she left.  Ms. Garcia then departed to attend her appointment.

30.     During the prenatal appointment, the doctor wrote Ms. Garcia a note based upon the working conditions David had imposed on her and which she had described to the doctor. The note stated that Ms. Garcia, like all pregnant women, needed access to water and the bathroom.

31.     On the morning of January 13, 2012, Ms. Garcia arrived for work at 9:00 a.m. When she attempted to punch in, David told her not to punch in and directed her to the public lobby of the restaurant where he proceeded to fire her in front of the other employees.

32.     Despite Ms. Garcia's positive performance reviews and her agreeing to David's requests to work longer shifts, David claimed he was firing Ms. Garcia because she was "not giving 100 percent" to Chipotle.

33.     To Ms. Garcia's knowledge, she was the only person David had ever fired in the public eating area, rather than privately in his office.  In addition, David spoke to Ms. Garcia in English, knowing that she had limited understanding of English and despite the fact that David was proficient in Spanish and regularly communicated with Ms. Garcia and other Spanish-speaking employees in Spanish.

**INJURY TO PLAINTIFF**

34.     As a result of Defendant's discriminatory conduct, Ms. Garcia has suffered, and in the future will continue to suffer, irreparable loss and injury, including but not limited to, economic loss, humiliation, embarrassment, mental and emotional distress, and the deprivation of her rights to equal employment opportunities.

35.     Through the actions of Defendant Chipotle's employee and agent, David, described above, Defendant acted intentionally, maliciously, oppressively, and with willful, callous, wanton, and reckless disregard for Plaintiff's rights.

**CLAIMS FOR RELIEF**

**COUNT I**

**Discrimination under Title VII of the Civil Rights Act of 1964**

36.     Plaintiff realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 35 above.

37.     As described above, Defendant's termination of and denial of employment to Ms. Garcia because of her pregnancy is in violation of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, 42 U.S.C. § 2000(e), *et seq.*

38.     Through its discriminatory conduct, Defendant deprived Ms. Garcia of her right to employment on the same terms as enjoyed by men and women who are not pregnant, in violation of 42 U.S.C. § 2000(e).

## COUNT II

### Discrimination under the District of Columbia Human Rights Act

39.     Plaintiff realleges and incorporates by reference all of the allegations set forth in paragraphs 1 through 35 above.

40.     As described above, Defendant's termination of and denial of employment to Ms. Garcia because of her pregnancy is in violation of D.C. Code § 2-1401.01. [1]

41.     Through its discriminatory conduct, Defendant discharged Ms. Garcia and deprived Ms. Garcia of equal employment opportunities because of her sex, in violation of the District of Columbia Human Rights Act.

### PRAYER FOR RELIEF

42.     WHEREFORE, Plaintiff prays that this Court grant her the following relief:

a)     enter a declaratory judgment finding that the foregoing actions of Defendant violated 42 U.S.C § 2000(e), *et seq.* and D.C. Code § 2-1401.01, *et seq.*;

b)     enter a permanent injunction directing Defendant to take all affirmative steps necessary to remedy the effects of the illegal, discriminatory conduct described herein and to prevent similar occurrences in the future;

c)     award Plaintiff back pay, front pay, and other benefits sufficient to redress any economic harm caused by Defendant's unlawful termination of her employment;

d)     award compensatory damages in an amount to be determined by the jury that would fully compensate Plaintiff for the humiliation, embarrassment, and mental and emotional distress caused by the conduct of Defendant alleged herein;

---

[1]     The prohibition of discrimination based on sex outlined in D.C. Code § 2-1401.01 includes pregnancy discrimination. D.C. Code § 2-1401.05.

e)      award punitive damages to Plaintiff in an amount to be determined by

the jury that would punish Defendant for its willful, wanton, and reckless conduct alleged

herein and that would effectively deter Defendant from engaging in similar conduct in the

future;

f)      award Plaintiff reasonable attorney's fees and costs incurred in this action;

and

g)      order such other relief as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff requests trial by jury as to all issues in this case.


Dated: February 24, 2014                    Respectfully submitted,


                                            /s/ Ada Fernandez Johnson
                                            Ada Fernandez Johnson (D.C. Bar No. 463296)
                                            DEBEVOISE & PLIMPTON LLP
                                            555 13th Street, N.W.
                                            Washington, D.C. 20004
                                            Tel:  (202) 383-8000
                                            Fax:  (202) 383-8118
                                            afjohnson@debevoise.com


                                            Matthew K. Handley (D.C. Bar No. 489946)
                                            Dennis A. Corkery (D.C. Bar No. 1016991)
                                            WASHINGTON LAWYERS' COMMITTEE FOR
                                            CIVIL RIGHTS AND URBAN AFFAIRS
                                            11 Dupont Circle, NW, Suite 400
                                            Washington, D.C. 20036
                                            (202) 319-1000
                                            (202) 319-1010 (fax)
                                            Matthew_Handley@washlaw.org
                                            Dennis_Corkery@washlaw.org

                                            *Attorneys for Plaintiff*